By the Court.—Speir, J.
The main defense in the case was that the contract between the defendants and the Montpelier Association, a corporation created by the laws of Virginia, was .in violation of the statutes of this State, which prohibit the publication of an account of any lottery, gain or device, or the prizes therein, &c. That such a contract was entered into in writing between the corporation in Virginia and the defendants is not disputed.- What the contract was is_ not shown. Neither the plaintiff nor his assignor, *87 Mies, ever saw it. The defendants failed to produce it on the trial, although they had notice to do so, and it appears it was in the possession of their agent in Virginia, to whom they had sent it, and they were not permitted to give evidence of its contents on the trial.
It is not claimed or pretended that the plaintiff or his assignor were parties to the contract in question, though it is asserted that the parties entered into it at their instance. In other words, it is shown that the plaintiffs acted as brokers in bringing the parties together, who thereupon executed a contract, whatever it was, and the plaintiffs claim a commission for their services in that capacity. I am unable to see why the plaintiff should not recover the commission sued for, even though the, contract made between the defendants and the Virginia company was illegal or against public policy. There is no proof that the plaintiff or Mies took any part in making the contract or in its performance after it was made. Their engagement was ended when they introduced the parties to each other, and the law allows them compensation for that particular service. The contract of the plaintiff was, in itself, therefore, lawful and free from vice, and I do not see how it can be avoided on the ground that it-possibly may have facilitated an illegal transaction. It is impossible to foresee where the doctrine would carry us should it be held that the broker’s contract is void because it may have some remote connection with other unlawful contracts. 1 am not aware of any principle which could justify this. The law does not punish a wrongful intent when nothing is done to carry that intent into effect, much less tare knowledge of such an intent without any participation in it (De Groot v. Van Duzer, 17 Wend. 170; Hodgson v. Temple, 5 Taunt. 181; Tracy v. Tallmage, 14 N. Y. 169).
The exceptions to the refusal of the court to dismiss the complaint when the plaintiff rested, and at the *88 close of the case, are disposed of above. The exception, taken that the court should have submitted to the jury the question whether the defendants were to pay the commission as the money was paid to them, or not until they had paid the full contract price of the work, was disposed of by arrangement on the trial. Besides, the exception taken to the court’s directing a verdict was not equivalent to a request that the question be submitted to the jury, which was not done (O’Neil v. James, 43 N. Y. 84; Dows v. Rush, 28 Barb. 157).
The plaintiff is entitled to judgment on the verdict, with costs.
Van Vorst, J., concurred.